Okay, it looks like your colleagues are settled. Go right ahead, please. May it please the Court, Scott Krell on behalf of the Franks Landing Indian Cmty. I would like to reserve five minutes for rebuttal. The District Court erred in not applying the plain language of the Indian Gaming Regulatory Act's definition of Indian tribe to resolve this dispute. The Cmty followed the instructions of the 1994 amendments to the Franks Landing Act and set a course for the establishment of a Class II gaming facility. Class II is limited to bingo and non-bank card games. This is different than the type of full-blown casinos that are being operated nearby by the Nisqually, Skagit Island, and Puyallup tribes. When the Cmty submitted its Class II-only gaming ordinance for approval, it was denied because the Assistant Secretary of Indian Affairs determined that the Cmty must be listed under the Tribal List Act, an absurd result, hence this litigation. The Tribal List Act was intended to codify as an annual list what the Assistant Secretary had previously done sporadically by regulation. It has its own. Just a minute. Just a minute before I get too far ahead. It seems to me that your whole argument boils down to the fact that you would, in 27035A, eliminate the words as eligible by the Secretary. No, Your Honor. I believe that as eligible by the Secretary still has significance, but it doesn't. What's the significance? If I'm going to go to the 1994 Act, if I'm going to go to the 1987 Act, if I'm going to go to any of these other Acts, the big part in those Acts is that nobody says it's got to be as eligible by the Secretary. And that's the only way you get around it is trying to come up with some Act, if you will, that doesn't have anything about eligibility by the Secretary in order to say, I get it. No, I believe that, you know, there are certainly circumstances where that may be presented where the Secretary may properly determine that an Indian is not. The truth is the Indian tribe, as under 27035 says, has to be as recognized as eligible by the Secretary. That's the first clause thereof. Otherwise, for the special programs and services provided by the U.S. to the Indians because of their status, is in these other Acts that you want me to look at. But you continue to ignore this, if you will, clause as eligible by the Secretary. And frankly, that's why it seems to me that I worry about your argument, because I can't find any place where the Secretary would have made you eligible. I can't find any place where a court would have made you eligible. I can't find any place where the Congress would have said that the Secretary need not recognize your eligibility. Your Honor, if Your Honor's interpretation of the statute was correct, that would be handing the Assistant Secretary the unbridled discretion to disqualify any tribe. It is unbridled because the Assistant Secretary says, if you're on the approved list, you're in. If you've been had by Congress to suggest you're in, you're in. Or if you're had by the court, you're in. But none of those are there, and so, therefore, I'm not recognizing you. What is there? That's what the Department of Interior told the Secretary. Again, there are criteria and parameters that the Secretary must abide by. He must determine. Wait a minute, abide by. Now are you talking about to recognize a tribe or to, for these purposes? No, to determine whether the tribe is eligible for gaming under the Indian Gaming Regulatory Act. Okay, go right ahead. I just wanted to be clear about that. And it identifies two criteria. One, does it have a special status because of its status as Indians? And the Franks Landing Act says you are a dependent, self-governing Indian community. And two is, do you have the powers of self-governance, including the power to contract as a tribal entity? I'll give you that. And the Franks Landing Act says yes. The Franks Landing Act does not say, as I read it, I don't see anything in there that says that your specific group of Indians is a tribe. But that's not the definition of the Indian Gaming Regulatory Act. Well, we're really talking about the Indian tribe that's in 27035. Any band or organized witch. And so then I tried to go find out, well, how do I get to be a tribe? I can be a tribe by an act of Congress. I can be a tribe by the secretarial acknowledgement under Part 3 regulations, which is the list. Or I can be a tribe by a decision of the U.S. Court, and there isn't one. So then I say, well, then I guess they're not recognized as a tribe. But that's conflating the definition of a federally recognized Indian tribe with the definition of an eligible entity under IGRA. What's 2727? You're not contesting your federally recognized tribe status? No, we're not. All right. So it took me a while to figure that out, I have to say, from the briefing. So if you're not contesting that you ought to be a federally recognized tribe, your argument has to be that the Franks Landing Act, as amended, gives you the right to engage in Class 3 gaming. That's correct. So that's why Judge Smith says, where does it say that? Because 2703 sub 5 says you have to be an Indian community, which A, is recognized as eligible by the Secretary for special programs and services  Franks Landing meets that qualification, and B, is recognized as possessing powers of self-government. So any example, any case law, anywhere where a court has directly taken this on, I don't think there's a lot of entities with the status that Franks Landing community has. Is that right? We believe it's unique. I sure can't find an example. As we look to other circumstances, we're not aware of any other entity that would meet this definition but not meet the definition under as a federally recognized Indian tribe. Right. But that doesn't, that uniqueness doesn't disqualify them from eligibility. No, but it's why we can't find case law that's right on point. It's somewhat surprising. But there's a whole lot of case law. If I look at the Franks, if I look at your act, 1987 act, and I go to 10A1, it says subject to subsection B, the community is hereby recognized, and here's all the language you want to bring up. But then there's a clause under there that goes after that. It says is eligible for programs and services because of their status under the Indian Self-Discrimination and Education Assistance Act for such services. So it doesn't say that you're eligible for everything. Correct. It just says you're only eligible under the Indian Self-Determination and Education Act. No, it doesn't say that. So that's what it says, as eligible under the Indian Self-Determination and Education Assistance Act for such services. Then I look at the Indian Self-Determination and Education Act, and under that act it says that it's an Indian community which is recognized eligible for special programs and services by the U.S. to the Indians because of their status. That's the same language as under the Franks Act. However, significantly under the Indian Self-Determination and Education Assistance Act, it does not require that the secretary recognize the community as eligible for the programs. IGRA is different than that. IGRA says, as I tried to point out to you, it's got to be eligible by the secretary, and therefore you don't meet the definition. And again, you know, we would take issue with that. I know you take issue, but tell me why. Because the authority of the secretary is not unbridled. If the evidence is clear that the entity meets the provisions of 2703-5, and you just read from the Franks Landing Act, you know, the statutory foundation that it does meet that, then the secretary cannot disqualify. That isn't what that says. You say it's automatic for every program, but it doesn't say that. It says it's eligible for programs and services under the Indian Self-Determination and Education Assistance Act. And then when I go to that act, it says the same thing that it says under the Franks Landing Act. But yet, significantly, IGRA throws in this extra clause, eligible by the secretary. I'm just trying to give you what I'm reading in the statute and you to tell me why I'm wrong. If the Duwamish Nation made an application, it would be appropriate for the secretary to find that they were ineligible because Congress never recognized their ability to self-governance. If the Virginia tribes had not been formally recognized at the time that they had made a request, the secretary would properly disqualify them as not being eligible. Well, but the secretary is not. But honestly, that says, that makes a great argument to the jury. But we're talking about statutory construction here. Not only that, but when I read 10A, which is the very part where you're going, it says nothing in this section may be construed to constitute the recognition by the U.S. that the community is a federally recognized tribe. It says the community shall not engage in any Class 3 gaming activity. Therefore, there is way right on, I don't have to find them as a tribe, and right on, I don't have to give them Class 3 gaming activity. But now you want Class 2 gaming activity and you want me to find it based on this 10A, which doesn't say anything about recognized by the secretary. With all due respect, if your interpretation were correct, it would be giving the secretary unbridled discretion to deny any tribe the ability to game under IGRA because he can ignore the parameters that Congress laid out. Well, no. So is your position, forgive me, Judge Mead, is your position that the secretary is not entitled to deference or that the interpretation here is unreasonable somehow? And if unreasonable, you keep saying unbridled. And I don't jump to unbridled. But why would this interpretation be unreasonable, sir? As recognized by the secretary seems to me to become a term of art. Because his parameters are laid out in 27035. So forgive me, but does that mean you think the secretary had no discretion here? The secretary doesn't have discretion to deny a tribe that clearly falls within the parameters of 27035 or a tribal entity that clearly falls within those parameters. So I'm just trying to get at, and I'm not trying to be tricky here, is it your position that when we look at IGRA and the Franks Landing Act, is it your position the secretary had no discretion to deny this here? Under these circumstances, no. Because the Franks Landing Act. Yes? Yes, he had no discretion? Yes, he had no discretion. Okay. Because the Franks Landing Act is clear. Now, there is certainly a reservoir of rights. Wait a minute. Judge Smith's been trying to get you to tell us, what about the Franks Landing Act is so clear? Is it the phrase that says that the community is self-governing, eligible to participate in? Is that what you're responding to? Both that and that it's eligible for special programs and services provided by the United States to Indians based on their status as Indians. Okay. Well, but on the same day the Franks Landing Act was amended, Congress also adopted, right, the List Act, codified it essentially. Correct. And the requirement that the secretary maintain a list, of course, dates back, Part 83 dates back to the late 70s, I think. That had been a long-time policy and practice. And then Congress codified it. So at that time, it seems to me a really glaring omission that if Congress intended for the Franks Landing community to be able to engage in gaming, Class II gaming, which is what you're after, that they wouldn't have said so in the amendment of the Franks Landing Act. Can you respond to that, please? I look at it the other way. First, Judge Settle made clear that there's no way you can take the Tribal List Act and read it to rewrite every definition of Indian tribe that you find in Title 25. The fact of the matter is that Congress has used different definitions for Indian tribe in different circumstances in a variety of different ways. But has Congress used as recognized by the secretary differently in different places? I don't know of it existing in other statutes. There's a minimum. Doesn't this problem that you've presented on the appeal really teach us that the Franks Landing Act is ambiguous and that we're obligated to defer to the agency's interpretation of it so long as it's reasonable, thereby making the key issue, is that interpretation reasonable? No, we don't believe that it's ambiguous. The Franks Landing Act clearly says the Franks Landing community meets each of the two criteria as laid out in the Indian Gaming Regulatory Act. The language is not ambiguous at all. Assume for a minute that it is. Why is the interpretation of the agency unreasonable, would you say? Because the secretary, in looking to decide whether Franks Landing looked at it, took a different definition of Indian tribe, that found in the Tribal List Act, as opposed to strictly applying the clear, unambiguous language in the Indian Gaming Regulatory Act to determine whether Franks Landing community applied. So even if there is deference, they acted in an arbitrary and capricious manner by ignoring the clear direction that Congress had provided in the Franks Landing Act. In fact, the fact that the two statutes were done on the same day I think works to Franks Landing's benefit because it would be an absurd result to say at one moment Congress was granting Franks Landing these rights and then on the next moment Congress was terminating those rights by the passage of the Tribal List Act. Do you have additional questions, Judge? No. Thank you, counsel. I reserve the rest of my time for rebuttal. Thank you. Okay. You're actually out of time, but just so you can plan, we'll put a minute on the clock when you come back up. That's going back up now. You've gone down to zero and back up. So just plan on one minute, please. We'll hear from the government. Good morning. Good morning. May it please the Court. Kevin McCardle for the appellees. The parties agree that this case turns on IGRA's definition of Indian tribe. The definition requires that a group or community of Indians be recognized as eligible by the Secretary, et cetera. The IGRA was enacted in 1988. At that time, the requirement that a group of Indians be recognized by the Secretary could only have one meaning. It could only mean recognition under the Part 83 federal acknowledgement and listing process because that was the only means at that time by which a tribe could be recognized, a group of Indians could be recognized as eligible. There's no other plausible interpretation, nothing else that Congress could have meant by that phrase, and the petitioners never offer any contrary interpretation. Congress could amend it, correct, and say we're suggesting that this tribe is eligible. Yes, and actually, Your Honor, that's important. In fact, that's what he's arguing, but that's why I had him go through the statutory interpretation. He's saying Congress, by enacting the Franks Landing Act, said this tribe is eligible. Actually, Your Honor, I don't think that is the argument. In fact, it's not the argument. They are not arguing that the Franks Landing Act independently vests them with gaming authority regardless of what IGRA's definition of Indian tribe is. Their sole argument is we fit the definition of Indian tribe in IGRA, and that argument fails because IGRA requires secretarial recognition under the Part 83 process, which equates to federal recognition, a term of art. Well, but it seems to me that they go just a little bit further because they start quoting this language, which is in 10A1, which is eligible for special programs and services. They're suggesting that that somehow makes them eligible under IGRA. That's what they're arguing. So they're really arguing a statutory amendment, if you will, that makes them eligible. Well, yes. I just wanted to clarify that they're not arguing that they have the Franks Landing Act vested them with authority to game even though they don't meet IGRA's definition. Their argument is simply that the Franks Landing Act qualifies them as an Indian tribe under IGRA. Under IGRA. And that argument fails because IGRA requires federal recognition. If there's any doubt about that, it's eliminated by the legislative history. I think you have a strong argument. What about the fact that these statutes, the List Act and Franks Landing Amendment, happened on the same day and that Congress did this, chose to specify that Franks Landing community can't engage in Class 3? If we accept your statutory interpretation, that phrase does seem to be superfluous. Because your argument is they can't engage in any two or three. So why include that phrase? Well, I think the district court got it right on that. It's not superfluous because it continues to function to preclude the community from engaging in Class 3 gaming if the community attains federal recognition under another provision of law, which is a language amendment. You mean even if the Secretary one day were to recognize Franks Landing community as a federally recognized tribe? Exactly right. So Congress still intended then that Franks Landing not be allowed to engage in Class 3 gaming. That's your position. Exactly right, yes. And that's why B3. Does that come from the notwithstanding any other provision in law? Exactly right. As opposed to the more limited notwithstanding this section in the preceding section. Is that where your theory rests? Correct. That's an important component of the argument. Section B of Section 10 is divided into three subsections. The first two are limited to the rest of Section B, whereas the third applies to any other provision of law, just like Your Honor mentioned. So it indicates that Congress was aware of the possibility that under another provision of law, the List Act and the Part 83 regulations, the community could one day obtain eligible for gaming. And even in that scenario, B3 functions to prevent them from engaging in Class 3 gaming. So it's not superfluous even under our view. Thank you for that answer. Is the community, Franks Landing community, an entirely unique entity? I just can't find case law like this at all. Am I missing something? We're unaware of any statutes that are comparable to the statutes that define the community's legal authority. To the Franks Landing Act? Yeah, yeah. Yes, Your Honor. So they're federally recognized tribes, and then there's Franks Landing's unique status, and we don't know of other entities like Franks Landing? Well, we've cited the Cohen Treatise on federal Indian law in Section 302 that describes recognition, and that section of the treatise also indicates that there are other tribes that have been recognized for limited purposes. But as far as statutes that are directly comparable to this, these are unique. Okay. When I first turned to these briefs, I thought, oh, of course they have to be federally recognized. This is sort of my assumption. And I was really challenged to find a case that really squarely says that. As a holding as opposed to in dicta, there are a lot of cases that assume that federal recognition is required. Has a circuit court or the Supreme Court or any other court ever squarely made this holding? I think the Southern District of New York's decision, the Carothers v. Flom case that we cite, squarely addressed this. And beyond that, they actually explained why Congress limited IGRA to federally recognized tribes. And that's an important point, too. I've read that case, and that's – and I'm happy to hear what you have to say about it. I'd appreciate it, in fact. But is the answer to my question that that's the closest anything comes to squarely holding that case? I think that case also cites a First Circuit case that squarely – and a District of Alabama case. These are cited in our brief. That I believe squarely held that IGRA's definition requires federal recognition. But you're correct, Your Honor, that most of the cases simply mention it in passing and take it as a given. They assume it. And that's consistent with the legislative history, though, which unequivocally indicates that the definition is intended to convey federal recognition, as evidenced by inclusion on the list that the Secretary publishes under the Part 83 regulations in effect in 1998, 1988, and under the List Act since then, since 1994. There was one other issue the district court dismissed, and that – or one other – two other participants, that's NIGC and the NIGC chairman, the district court dismissed them. And it doesn't seem to me that they have been – that that issue is appealed here. Is that your view? That's correct. The claims against the NIGC have been dismissed, and they're not the subject of the community's review. And therefore waived on appeal? Right. Well, I just wanted to make sure you felt that way, because that's what I was thinking. Yeah. My – the briefing's pretty clear that the appeal is limited to the decision regarding Interior's conclusion. And just briefly, to go back, Your Honor, to the Carruthers case, which is a very thorough explanation of the federal recognition requirement, federally recognized tribes are dependent sovereign nations. They have inherent sovereignty. And their right to game on Indian lands under their control is part of their sovereignty, and it's actually not conferred by IGRA. And because of their sovereign status, when federally recognized tribes authorize gaming on Indian lands, they're not subject to state regulation. So IGRA, the entire point of the statute, as the Carruthers decision makes clear, is to fill what Congress perceived to be a regulatory void. Congress perceived that in addition to tribal regulation, federal regulation was required of tribal gaming on Indian lands because federally recognized tribes are immune from state laws. So to accept the government – so it's a fundamental underpinning of the statute that it only applies to federally recognized tribes who are dependent sovereign nations. And to accept the government's – to accept the community's argument, you'd have to – the court would have to find that the statute doesn't just apply to federally recognized tribes. It applies to other entities. And that would essentially unmoor the statute from its entire objective because non-recognized tribes, like the community, they're not sovereign entities, so they are subject to state law, state law restrictions on gaming. So there was no need for Congress to address – fill any void with respect to non-recognized groups of Indians gaming by those entities. So I think that's an important point that the Carruthers case makes clear. And unless the Court has any other questions, this Court's judgment should be affirmed. Thank you very much. Thank you for your argument. I'd like to make three quick points in my rebuttal. First, despite not being listed by the Assistant Secretary as a federally recognized tribe, the Assistant Secretary continues to fund Frank's Landing programs every year, including by the school. Many examples are set forth in the brief. Two, the district court's analysis regarding Class III gaming is really a stretch. It's saying, oh, well, that's in there because maybe sometime in the future, there may be another statute that provides informal recognition, and it would apply under that. That's really a stretch. And it ignores the fact that an amendment was proposed and rejected by the 94 Congress, where it would have restricted Frank's Landing from offering any type of gaming whatsoever. Number three, there are many examples, as we cite in the brief, where tribes that are not or Indian groups that are not federally recognized Indian tribes get federal benefits. We cited state-recognized tribes like those in Virginia. But you seem to be arguing that you're entitled to all of them, and that's the phrase Judge Smith was trying to point to. No, they're certainly not the full reservoir. In fact, Judge Smith, in the Greg Weir, Vernisqually tribe versus Greg Weir opinion, pointed out that there are restrictions. They're subject to the criminal laws of the state of California. They can only do Class II gaming, not Class III. They wouldn't be able to take advantage of retrocession under public law 280. Even pointed out that under state law, under Washington state law, only federally recognized tribes could compact for cigarette tax compacts, but Frank's Landing's ability to contract allowed them to contract with Squaxin Island, which through Squaxin Island then operated the smoke shop on Frank's Landing Indian lands. That was the holding in Greg Weir. You're over your time substantially. Could you wrap up, please? We believe that the case should be remanded with instructions to find that the tribe is eligible under IGRA. Thank you. Thank you for your argument, both of you. We'll take that case under advisement, and we'll stand in recess for probably about five minutes. All rise. We're going to hear the final report, and we'll stand in recess for 10 minutes.
judges: N.R. Smith, Christen, Payne